CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 29 2009

JOHN F. CORCORAN, CLERK
BY: /s/ S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAYNE JEFFREY BRIDGES, | |
| Plaintiff, | Case No. 7:09CV00436 |
| v. | MEMORANDUM OPINION |
| WISE COUNTY VIRGINIA CIRCUIT COURT, ET AL., | By: Glen E. Conrad<br>United States District Judge |
| Defendants. | |

Plaintiff Wayne Jeffrey Bridges, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Bridges asserts that the defendant state court official has deprived him of his constitutional right to access the courts by refusing to provide him with free copies of transcripts. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Bridges alleges the following facts on which his claims are based. He states that he has been trying to obtain copies of various transcripts of proceedings in his state criminal case before the Wise County Circuit Court. He asserts that copies of the transcripts are "absolutely necessary" in order for him to pursue post conviction relief in federal court. In support of his complaint, Bridges attaches copies of several letters, addressed to the clerk of the Wise County Circuit Court and dated between January and December 2008. In each letter, Bridges asked for free copies of transcripts of hearings held in Case No. CR97F00133-00 on the following dates: September 19, 1997 (preliminary hearing); April 17, 1998 (discovery); August 3, 1998 (trial); November 19, 1998 (motion to set aside the verdict); and December 21, 1998 (plea).

In the letters, Bridges informed the clerk that he needed the transcripts because he was "seeking post-conviction remedies" and has not been able to obtain the transcripts from his trial attorney. He stated, generally, that he "ha[d] a particularized need for the transcripts . . . to prove

the claims which if proved would entitle [him] to the relief he seeks." In one letter, he stated that the transcripts would "provide damning evidence of blatant ineffective assistance of counsel, and several constitutional and statutory violations." He explained that his memories of the hearings had been "distorted by the passage of time," so he needed the transcripts in order to present more than conclusory allegations to the court. Finally, he stated that he was indigent and could not afford to purchase the transcripts.

Bridges claims that the Wise County Circuit Court Clerk has deprived him of access to the courts by denying him free copies of the requested transcripts. As relief in this action, he asks this court to direct the state court to produce all the requested transcripts and the case file for his criminal case.

## **Discussion**

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Bridge's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

When an indigent inmate shows a need for a transcript from state court criminal proceedings in order to pursue a collateral attack of the conviction, the state is constitutionally

required to provide such a transcript without cost. Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972). Moreover, a state official's refusal to provide the transcript under such circumstances states a claim for injunctive relief that is actionable under § 1983. Id. at 152. The inmate must, however, show some particularized need for the transcript by making "affirmative allegations of a denial of [a] constitutional right" and demonstrating that the transcript is required to resolve such claims. Id. at 152 n.1 (noting that inmate's incomplete recollection of counsel's "incompetent and indirect advice" was not a sufficient showing of need so as to require production of free transcript); United States v. Shoaf, 341 F.2d 832, 833-34 (4th Cir. 1964) (finding that indigent inmate has no right to free copy of transcript "merely to comb the record in the hope of discovering some flaw").

The court concludes that Bridges' allegations, taken in the light most favorable to him, are not sufficient to state any constitutional claim actionable under § 1983. Nothing in his complaint or attachments indicates that he has ever communicated to state court officials a particularized need for the transcripts he requests. He offers nothing more than the broad purpose of pursuing post conviction relief on conclusory grounds of ineffective assistance of counsel. He does not allege any specific facts concerning counsel's actions or omissions during his state court proceedings that deprived him of constitutional rights or why transcripts would be necessary to determine whether his claims had merit. As the cited decisions make clear, he has no right to obtain free transcripts merely to refresh his memory or to allow him to undergo a new hunt for potential claims.

Moreover, Bridges' convictions occurred in 1998. Yet, his allegations and exhibits do not indicate that he began requesting copies of transcripts until January 2008, nearly ten years after his conviction. Virginia law requires habeas petitioners to file their petitions "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Virginia Code Ann. § 8.01-654(A)(2). Federal law generally requires

habeas petitions under 28 U.S.C. § 2254 to be filed within one year of the date when the conviction became final. See 28 U.S.C. § 2244(d)(1). Bridges fails to offer any explanation of his delay in seeking to pursue post conviction remedies or to state any reason that a petition he might pursue now could be considered timely filed under state or federal law.

In short, Bridges failed to provide officials at the Wise County Circuit Court with any particularized statement of need for the transcripts he requested. He did not state what claims he intended to pursue or explain why a copy of the transcript was necessary to resolve them. He also did not explain how any post conviction remedy he might pursue would be timely under Virginia or federal law. Accordingly, he cannot state any claim that court officials deprived him of a constitutionally protected right. As such, he fails to state a claim actionable under § 1983, and his complaint must be summarily dismissed accordingly, pursuant to § 1915A(b)(1).

## Conclusion

For the stated reasons, the court concludes that this civil rights complaint must be dismissed with prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of October, 2009.

United States District Judge